## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RANDY SCOTT DANIELS,

                Petitioner,        CASE No. 2:08-CV-11533
                                     HONORABLE PAUL D. BORMAN
v.                                UNITED STATES DISTRICT JUDGE

MICHAEL CURLEY,

                Respondent,

_____/

## ORDER TRANSFERRING CASE TO THE COURT OF APPEALS
## PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

### I. INTRODUCTION

Before the Court is petitioner's *pro se* habeas corpus petition filed under 28 U.S.C. §

2254. By his own admission, petitioner has previously filed a petition for a writ of habeas

corpus challenging his 2001 convictions out of the Wayne County Circuit Court for aggravated

stalking and being a fourth felony habitual offender. The petition was denied on the merits.

*Daniels v. Vasbinder,* U.S.D.C. No. 04-CV-72278-DT (E.D. Mich. November 30, 2005)(Hood,

J.); *appeal dism.* U.S.C.A. No. 06-1768 (6th Cir. May 24, 2007). For the following reasons, the

Court has concluded that it must transfer this case to the Court of Appeals.

### II. DISCUSSION

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 was

enacted ("AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §§ 2244, 2253, and

2254, which govern habeas corpus proceedings in federal courts. These amendments change the

standards and procedures that federal courts must apply when faced with second or successive

1

petitions for writs of habeas corpus. The provisions of the AEDPA apply because petitioner

filed his successive habeas application after the effective date of the AEDPA. *See Norris v.*

*Konteh*, 67 F. Supp. 2d 833, 835 (N.D. Ohio 1999).

Before a second or successive habeas petition is filed in a federal district court, a habeas

petitioner shall move in the appropriate court of appeals for an order authorizing the district

court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th

Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a

successive post-conviction motion or petition for writ of habeas corpus in the absence of an

order from the court of appeals authorizing the filing of such a successive motion or petition.

*Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court

of Appeals has given its approval for the filing of a second or successive petition, a district court

in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter

how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F.

3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function

which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664

(1996).

In the present case, petitioner has previously filed a habeas petition with the federal

courts. Although petitioner would not have been required to obtain a certificate of authorization

following the dismissal of his petition if it had been dismissed without prejudice on exhaustion

grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's first

habeas petition was dismissed on the merits. Petitioner's current habeas petition is a second or

successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate

of authorization. Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008).

## III. CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**SO ORDERED.**


s/Paul D. Borman_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE


Dated: May 12, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 12, 2008.

s/Denise Goodine
Case Manager